[*Special Term, April,* 1870.]

## W. N. FORBIS *v.* LYDIA SHATTLER.

The defendant addressed to her agents the following note:

"To JOHN A. HUNT & CO.: You are hereby notified to close the sale of my house and lot, on the north side of Longworth street, between Central avenue and John, in this city, for the price of $6,000.   $1,500 cash down and the balance in equal annual payments, with interest secured by mortgage; taxes to be paid by buyer; possession in thirty days.
                    "LYDIA SHATTLER."

To which note the plaintiff added:

"I agree to purchase the above described property at the price and terms of payment as therein stated, provided the title to the same prove good.
                    "W. N. FORBIS."

   "Witness: M. CARPENTER."

*Held,* that the said paper was an authorization to Hunt & Co. to close a contract of sale previously agreed upon, and was a sufficient memorandum of said contract, within the statute of frauds, to bind the defendant.

*J. L. Bogardus,* for plaintiff.

*P. J. Donham,* contra.

HAGANS, J.   This was an action for the specific performance of a contract.   It appeared on the trial that the defendant, in September last, the plaintiff having been shown through the premises on the previous day, executed the following, with a view to their purchase by the plaintiff:

" To John A. Hunt & Co.: You are hereby notified to .close the sale of my house and lot, on the north side of Longworth street, between Central avenue and John, in this city, for the price of $6,000. $1,500 cash down, and the balance in equal annual payments, with interest secured by mortgage; taxes to be paid by buyer: possession in thirty days. Lydia Shattler."

" I agree to purchase the above described property at the price and terms of payment as therein stated, provided the title to the same prove good.

" W. N. Forbis."

" Witness: M. Carpenter."

Both signatures were made on the same day. The plaintiff tendered the money and offered to comply with the terms of the contract, but the defendant refused.

The principal question in the case is, whether the paper above referred to, and executed by both, was sufficient evidence of a contract within the statute of frauds, so as to authorize a decree of specific performance.

It was objected that this paper, signed by the defendant, was not a contract, but merely an authority to make a contract, and, as such, was clearly designated in section 4 of the statute of frauds; that section 5 of the same statute provided for the contract itself, which the agent might make under that authority, and that at most the paper was but a proposition to sell, and the acceptance by Forbis being conditioned upon the title turning out to be good, was therefore not an acceptance, or, if so, the proposition was one which the defendant might withdraw before the contingency happened. Some of the testimony in the case went to show that the defendant repented of her bargain the day after it was made, sufficient to bring her within the law, if the legal claim was made good.

The court holds that the paper above exhibited was not a proposition, but an authorization to Hunt & Co. to close a contract of sale previously agreed upon. The contract did

not appear to have been in writing, yet this paper was a sufficient memorandum of it, within the statute of frauds to bind the defendant. The statute of frauds is merely a statute of evidence, and the signature of the plaintiff fixed the liability of both parties. The addition of the words, " provided the title to the same proves good," was only expressing what the law might imply in their absence, and at all events gave the party a reasonable time in which to make an examination of the records. The party would not be bound to take a property the title to which was defective, though he had made no express provision for such a contingency. The paper was to be held a part of the contract.

In any view of the writing, it appeared to be sufficient, both upon principle and authority, and taken in connection with the testimony, it was conclusive. The paper showed the parties, the subject matter, the terms, etc., and left nothing open to future negotiation by either party.

Judgment for plaintiff.